**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RMW ACQUISITION COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| GARRETT M. KELLEHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR BREACH OF COMMERCIAL GUARANTY AGREEMENT**

Plaintiff, RMW Acquisition Company, LLC ("RMW"), by its counsel, Shaw Fishman Glantz & Towbin LLC, for its Complaint against Defendant Garrett M. Kelleher ("Kelleher") for breach of an unconditional commercial guaranty, states as follows:

**NATURE OF THE CASE**

1.      This is an action seeking to recover in excess of $95 million from Kelleher for his breaches of an unconditional commercial guaranty that he made and executed to secure the payment obligations of Shelbourne North Water Street, L.P., a Delaware limited partnership ("Borrower") under a loan from RMW's predecessor in interest, Irish Bank Resolution Corporation Limited (In Special Liquidation) (f/k/a Anglo Irish Bank Corporation Limited, f/k/a/ Anglo Irish Bank Corporation, PLC), a banking corporation organized under the laws of the Republic of Ireland ("Anglo Irish Bank").  The proceeds of the loan advanced to Borrower were to finance the acquisition and improvement of the real property commonly known as the Chicago Spire Project.  Borrower failed to pay the amounts it owed under the applicable loan documents detailed below.  Kelleher, as guarantor, is unconditionally obligated to pay the indebtedness

owed by Borrower, but has likewise failed to do so. Kelleher's breach of his unconditional guaranty obligations gives rise to this action.

## THE PARTIES

2. RMW is a Delaware limited liability company with its principal office in Cook County, Illinois. RMW's sole member, LR Development Company, LLC ("LR Development Company") is a Delaware limited liability company with its principal office located in Cook County, Illinois.

3. RMW is the successor in interest to Anglo Irish Bank pursuant to that certain Loan Purchase and Sale Agreement dated June 13, 2013 (the "LPA") entered into by RMW and National Asset Loan Management Limited ("NALM"). On or about May 22, 2013, Anglo Irish Bank, through its joint special liquidators, Kieran Wallace and Eamonn Richardson, of KPMG, assigned and deeded all right title and interest to the loan documents detailed below, including Kelleher's unconditional guaranty, to NALM pursuant to the Irish Bank Resolution Corporation Act 2013 (Special Liquidation) order 2013 made by the Minister of Finance on February 7, 2013 (the "Special Liquidation Order") providing, in pertinent part, for the orderly winding-up of Anglo Irish Bank under the provisions of the Irish Bank Resolution Corporation Act, 2013 of Ireland (the "IBRC Act").

4. Kelleher is an individual who is a citizen and domiciliary of the Republic of Ireland.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) based upon the diversity of citizenship between the parties in interest. In support of subject matter jurisdiction based on diversity, Plaintiff states that Defendant Kelleher is a citizen

and domiciliary of the Republic of Ireland. Plaintiff RMW's sole member, LR Development Company, LLC ("LR Development") is Delaware limited liability company with its principal office located in Cook County, Illinois. All of the upstream owners of LR Development (or Plaintiff), whether direct or indirect, are domiciliaries of Delaware, New York or Illinois. None are domiciliaries the Republic of Ireland. In addition to complete diversity of citizenship, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. §1391(a)-(c). A substantial part of the events giving rise to RMW's claim occurred in this judicial district. In addition, Kelleher is not a citizen or domiciliary of the United States and may therefore be sued in this judicial district because Kelleher is subject to the court's personal jurisdiction with respect to this action. In addition, Kelleher expressly consented to the jurisdiction of any Federal Court sitting in Illinois over any action arising out of or relating to the Guaranty and waived any claim that the Northern District of Illinois is an inconvenient forum.

## BACKGROUND FACTS

A.      <u>The Facility and Facility Letter</u>

7.      On or about July 18, 2006, Anglo Irish Bank and Borrower entered into a loan facility (the "Facility") whereby Anglo Irish Bank made a loan to Borrower in the original principal amount of $54,500,000 on terms and conditions set forth in a Facility Letter, as amended by the First Amendment to Facility Letter dated January 1, 2008, the Second Amendment to Facility Letter dated September 11, 2008, which increased the principal amount by $15,000,000.00 to $69,500,000, and the Third Amendment to Facility Letter dated April 27, 2009 (collectively, the "Facility Letter"). True and correct copies of the Facility Letter are attached hereto as <u>Exhibits A through D</u>.

8.      The purpose of the Facility was to set forth the terms and conditions upon which Anglo

Irish Bank was to lend money to Borrower to enable the Borrower to acquire and improve the real property located at 400 East North Water Street, Chicago, Illinois.

B. <u>The Note</u>

9. Pursuant to the Facility and Facility Letter, a loan in the initial principal amount of $54,500,000 was made by Anglo Irish Bank to Borrower and evidenced by the Promissory Note dated July 20, 2006, as amended by the First Amendment to Promissory Note dated January 1, 2008, the Amended and Restated Promissory Note dated September 11, 2008 in the principal amount of $69,500,000, and the First Amendment to Amended and Restated Promissory Note dated April 27, 2009 (collectively, the "Note").  True and correct copies of the Note are attached hereto as <u>Exhibits E through H</u>.

C. <u>The Mortgage</u>

10. The Note was secured by, among other things, a Mortgage and Security Agreement dated July 20, 2006, which was recorded in the office of the Cook County, Illinois, Recorder of Deeds on July 31, 2006 as Document No. 0621243299 (the "Original Mortgage"), as amended by the First Amendment to Mortgage and Security Agreement dated September 11, 2008, which was recorded in the office of the Cook County, Illinois, Recorder of Deeds on September 11, 2008 as Document No. 0825503092 (the "First Mortgage Amendment," and together with the Original Mortgage, the "Mortgage").  A true and correct copy of the Original Mortgage and First Mortgage Amendment are attached hereto as <u>Exhibits I and J</u>.

D. <u>The Guaranty</u>

11. To induce Anglo Irish Bank to loan money to Borrower pursuant to the Facility Letter and Note, and as additional security for Borrower's obligations thereunder, on or about July 18, 2006, Kelleher executed that certain Guaranty Agreement (the "Guaranty") whereby

Kelleher irrevocably guaranteed, among other things, the full and unconditional payment and performance of Borrower's obligations under the Facility Letter and Note. A true and accurate copy of the Guaranty is attached hereto as Exhibit K.

12. The Guaranty provides that upon the failure of Borrower to pay the indebtedness when due or to perform its obligations under the Facility Letter and Note, Kelleher is obligated as a primary party to pay "the prompt and complete payment of all of the Obligations in full, when and as the same shall become due, whether on any due date or performance date or at stated maturity therefor, or by declaration, acceleration or required prepayment, or upon demand or otherwise…," including the payment of the indebtedness due under the Note. Kelleher further agreed that "Lender may at its option proceed directly and at once, without further notice (other than any notice required by the Loan Documents), against Guarantor hereunder, without proceeding against Borrower, or any other person or the Mortgaged Property or other Collateral for the obligations owing pursuant to this Guaranty." *See* Exhibit K, ¶1.

13. In addition, under the Guaranty, Kelleher agreed to pay all reasonable attorneys' fees and costs incurred in enforcing the Guaranty. *Id.* at ¶ 1(c).

14. Kelleher consented to the amendments to the Facility Letter and reaffirmed his obligations under the Facility Letter and the Note. *See* Exhibits C and D.

E.    The Forbearance Agreement

15. On or about April 21, 2010, Borrower and Anglo Irish Bank entered into a Forbearance Agreement (the "Forbearance Agreement") whereby the Borrower, among other things, acknowledged: (1) entering into the Facility Letter and Note; (2) that the Note matured on October 2, 2009 and was past due and in default; and (3) that Borrower owed $74,487,326.42 as of March 3, 2010. A true and accurate copy of the Forbearance Agreement is attached hereto as

Exhibit L.

16.     Under the Forbearance Agreement, Anglo Irish Bank agreed to forebear from taking any legal action to enforce its rights against Borrower under the Facility Letter, Note, and other loan documents or its rights against Kelleher under the Guaranty until September 30, 2010 (the "Forbearance Period").

17.     In conjunction with the Forbearance Agreement, Kelleher executed that certain Consent and Agreement of Guarantor (the "Consent") whereby Kelleher: (1) acknowledged the accuracy of the amounts owed by Borrower as detailed in the Forbearance Agreement; (2) reaffirmed his unconditional guaranty of Borrower's obligations; and (3) waived any defenses, counterclaims setoffs, recoupments of other claims regarding the indebtedness owed by Borrower or regarding the enforceability of the Guaranty. *See* Exhibit M.

F.      Borrower's Default

18.     The Borrower has defaulted under the Facility Letter and Note and remains in default due to its failure to pay the indebtedness due on or before October 2, 2009 in accordance with the Facility Letter and Note and other loan documents, and the Forbearance Period has expired.

**COUNT I (Breach of Guaranty)**

19.     RMW repeats and realleges paragraphs 1 through 18 as paragraph 19 of Count I.

20.     Kelleher has materially breached the Guaranty by failing to pay RMW for the loss, expense, liability cost, claim or damages that have arisen out of Borrower's failure to pay all principal, interest, default interest, late charges, fees, expenses (including, without limitation, attorneys' fees and expenses), and all other sums due under the Facility Letter and Note.

21.     The Guaranty is a legally valid, binding and enforceable agreement.

22.     Anglo Irish Bank and RMW have performed all of their respective obligations

under the Facility Letter, Note, and Guaranty.

23.     Kelleher has not personally made any payment of any of the indebtedness owed by Borrower under the Facility Letter and Note.

24.     Kelleher materially breached the Guaranty by failing to pay his obligations owed under the Guaranty.

25.     Kelleher has no legally recognized justification or excuse for breaching the Guaranty.

26.     As detailed in the Forbearance Agreement, Borrower, among other things, acknowledged Anglo Irish Bank's performance in advancing funds under the Facility Letter and Note and acknowledged that, as of March 3, 2010, Borrower owed $74,487,326.42.

27.     As detailed in the Forbearance Agreement and Consent, Kelleher acknowledged Anglo Irish Bank's performance in advancing money to Borrower and the accuracy of the amounts owed by Borrower as detailed in the Forbearance Agreement, reaffirmed his guaranty of Borrower's obligations, and waived any defenses, counterclaims setoffs, recoupments of other claims regarding the indebtedness owed by Borrower or regarding the enforceability of the Guaranty.

28.     Upon Borrower's failure to pay the indebtedness when due on October 2, 2009 and expiration of the Forbearance Period, Kelleher became obligated to pay the indebtedness due under the Note without further notice and without requiring any action against Borrower or any marshaling of assets.

29.     RMW is the legal holder of the Facility Letter, Note, Guaranty, and other loan documents pursuant to the LPA and is entitled to enforce the Guaranty against Kelleher.

30.     As of November 30, 2013, the amount of the indebtedness owed to RMW by

Kelleher is $95,074,019.33, exclusive of attorneys' fees and costs, the amount of any additional protective advances made by RMW, and additional interest as allowed under the Facility Letter, Note, and Guaranty. Kelleher is also liable for RMW's attorneys' fees, costs and other expenses incurred in connection with enforcement of the Guaranty.

31.     As a direct and proximate cause of Kelleher's breach of the Guaranty, RMW has suffered damages in an amount no less than $95,074,019.33, exclusive of attorneys' fees and costs, the amount of any additional protective advances made by RMW, and additional interest after November 30, 2013 as allowed under the Facility Letter, Note, and Guaranty. Kelleher is also liable for RMW's attorneys' fees, costs and other expenses incurred in connection with enforcement of the Guaranty.

32.     Kelleher owes RMW at least $95,074,019.33, representing the balance Kelleher conceded was owed, plus attorneys' fees and costs, the amount of any additional protective advances made by RMW, and additional interest after November 30, 2013 as allowed under the Facility Letter, Note, and Guaranty.

WHEREFORE, RMW Acquisition Company, LLC, requests that this Court enter judgment in its favor and against Garrett M. Kelleher in an amount not less than $95,074,019.33, plus attorneys' fees and costs, the amount of additional protective advances made by Anglo Irish Bank and RMW, and additional interest as allowed under the Facility Letter, Note, and other loan documents, and for such other and further relief as this Court deems fair and just.

Dated: November 21, 2013                                 Respectfully submitted,

                                                         RMW ACQUISITION COMPANY, LLC,

                                                         By:      /s/ Brian L. Shaw
                                                                  One of Its Attorneys

Brian L. Shaw (ARDC No. 6216834)
Joseph L. Cohen (ARDC No. 6279024)
Kevin M. Hyde (ARDC No. 6286452)
SHAW FISHMAN GLANTZ
& TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RMW ACQUISITION COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| GARRETT M. KELLEHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DECLARTION OF RICHARD O'TOOLE IN SUPPORT OF**
**COMPLAINT FOR BREACH OF COMMERCIAL GUARANTY AGREEMENT**

I, Richard O'Toole, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am the Vice President of Plaintiff, RMW Acquisition Company, LLC ("RMW").

2.     I make this affidavit in support of RMW's Complaint against Defendant Garrett M. Kelleher ("Kelleher") for breach of an unconditional commercial guaranty.

3.     In my capacity as Vice President of RMW, I have personal knowledge of and am familiar with its business affairs, day-to-day operations, and books and records, and I am authorized to submit this Declaration on behalf of RMW.

4.     RMW is the successor in interest to Anglo Irish Bank pursuant to that certain Loan Purchase and Sale Agreement dated June 13, 2013 (the "LPA") entered into by RMW and National Asset Loan Management Limited ("NALM").

5.     RMW is a Delaware limited liability company with its principal office in Cook County, Illinois.  RMW's sole member, LR Development Company, LLC ("LR Development Company") is a Delaware limited liability company with its principal office located in Cook County, Illinois.

6.     RMW's sole member, LR Development Company, LLC ("LR Development") is

Delaware limited liability company with its principal office located in Cook County, Illinois. All of the upstream owners of LR Development, whether direct or indirect, are domiciliaries of Delaware, New York or Illinois. None are domiciliaries the Republic of Ireland.

7.      I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 20, 2013

Richard O'Toole
Vice President
RMW Acquisition Company, LLC